NOT FOR PUBLICATION

CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

DANIEL J. O'CALLAGHAN,

    Plaintiff,

-v-

ADAM SIFRE, ESQ., JAMES INIQUEZ,
ESQ., EINHORN, HARRIS, ASCHER,
BARBARITO, FROST & IRONSON, P.C.,
SUSAN EDWARDS, PhD., HON. PETER
C. HARVEY, HON. JOHN B. DANGLER,

    Defendants.
_____

Civil Action No. 05-2680 (JAP)

**OPINION**

On May 24, 2005, Daniel J. O'Callaghan, Esq. ("Plaintiff"), filed a *pro se* complaint against various lawyers and members of the judiciary, complaining of misconduct in various state court proceedings related to an ongoing custody dispute over a minor child. On June 22, 2005, before the complaint was served, the Court dismissed the case, *sua sponte*, finding the complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. The complaint did not contain "a short and plain statement of the claim," but rather was confusing, unnecessarily verbose, and lacked any cognizable legal claim.

Plaintiff responded on July 12, 2005, seeking: (1) the Court's recusal, (2) reassignment of the case, (3) reargument, and (4) permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff makes various references in his supporting brief to other cases he has pending in this district, and appears to make arguments related to those cases. Despite Plaintiff's rather confusing presentation, the Court is able to deny all requested forms of relief.

Plaintiff's recusal motion is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  The decision to recuse lies within the discretion of the trial judge.  *U.S. v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).  Litigants do not have the right to demand recusal based on unfavorable rulings, *SecuraComm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000), and they cannot use sections 144 and 455 to manipulate the judicial process to the point of choosing their own judge.  *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 162 (3d Cir. 1993).  Plaintiff attempts to accomplish just that.  He argues that his case must be heard before a judge with absolutely no relationship to the New Jersey state judiciary or the state bar association.  Not surprisingly, Plaintiff cites to no authority requiring that a judge who formerly practiced law in a particular state recuse oneself from any lawsuits containing allegations against lawyers and judges from that state.  Such a position is preposterous.  The Court will nonetheless briefly address the recusal statutes below.

Pursuant to 28 U.S.C. §144, "[w]henever a party . . . makes and filed a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice . . . such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  Since Plaintiff did not submit a sufficient affidavit, the Court must deny Plaintiff's demand for recusal under section 144.  *United States v. Martorano*, 886 F.2d 62, 66, 67 n.5 (3d Cir. 1989) (affirming dismissal of recusal motion under 144 because petitioner failed to attach affidavit).

Section 455 requires a judge to disqualify oneself "in any proceeding in which his impartiality might reasonably be questioned."  Under § 455(a), the test is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  *In re Kensington Int'l Ltd.*, 368 F.3d 289, 201 (3d Cir. 2004).  The

critical factor in assessing a judge's partiality is the inability to render a fair judgment. *Liteky v. U.S.*, 510 U.S. 540, 551 (1994). Section 455(b)(1) is similar to section 144 in that it requires a judge's recusal if he or she has a personal bias or prejudice towards a party, and such bias is based on extrajudicial sources. *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994). Aside from pointing to this judge's professional background, Plaintiff puts forth no argument suggesting that the Court is incapable of fair judgment or has acted with any type of bias. After a fair reading of the complaint, the Court dismissed it without prejudice as unintelligible. Plaintiff cannot seek the Court's recusal based on his displeasure with the Court's disposition of his complaint. Plaintiff is an attorney and is surely capable of re-filing a complaint in compliance with Rule 8. Accordingly, Plaintiff's motion to recuse is denied.

Plaintiff also seeks reassignment to another judge, specifically either the Honorable Joseph A. Greenaway or "a judicial officer entirely absent association with the State of New Jersey judiciary in any capacity." (Certification in Support of Plaintiff's Motion for Reassignment, ¶ 1). Plaintiff makes no argument as to why he is entitled to reassignment, although the Court presumes that he has other matters before Judge Greenaway. In his one-page brief, Plaintiff simply recites portions of Local Civil Rule 40.1. Citing to the rule only diminishes his position, however, as it explicitly states that objections to the case assignment must be made to the Chief Judge, the only judge with authority to reassign a case. The question of reassignment, therefore, is not properly before this Court.

Next, Plaintiff requests reargument under Local Civil Rule 7.1(g). Reargument is appropriate if Plaintiff can make a "showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *United States v.*

*Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Plaintiff alleges that the complaint was necessarily long because of the lengthy factual background and the need for specificity in conspiracy cases. However, Rule 9 of the Federal Rules of Civil Procedure only requires that allegations of fraud be pled with particularity, not civil conspiracy. Moreover, Rule 8(e) states that "each averment of a pleading shall be simple, concise, and direct." In the Court's view, Plaintiff's complaint fails to comply with Rules 8(a) and 8(e), and the request for reargument is denied.[1]

Finally, Plaintiff moves for relief under 28 U.S.C. § 1292(b), which involves permission to appeal an interlocutory order. This Court's prior Order dismissed the complaint, and is therefore a final order subject to appeal. Accordingly, there is nothing to consider under the statute.

Based on the foregoing, Plaintiff's requests for relief are DENIED. An appropriate Order follows.

Dated: August 3, 2005

s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Orig: Clerk
cc: File

---

[1] Renewing a request for reassignment would be moot, as the Court has denied a motion for reargument and the case is now closed.